LEIBOVITZ *v.* CITY OF DETROIT.

1. APPEAL AND ERROR—BANKRUPTCY—CLAIM FOR TAXES—JURISDIC·
TION OF FEDERAL COURT.

Question as to whether Federal court has right to adjudicate a
city's tax claim against a bankrupt's estate is not decided
where claim was allowed in full.

2. BANKRUPTCY—CLAIM FOR TAXES.

Final order of Federal court in involuntary bankruptcy proceed-
ing *held,* not a final adjudication of city's claim for taxes
where claim, a preferred one, was allowed in full.

3. TAXATION — BANKRUPTCY — COMPOSITION WITH CREDITORS — DIS-
CHARGE OF LIEN FOR TAXES.

In suit to cancel lien for unpaid taxes against personal property
of person discharged in involuntary bankruptcy proceeding on
offer, acceptance and approval of composition with creditors
whereby general creditors were to receive 20 per cent. and pre-
ferred creditors, including city seeking back taxes, 100 per
cent., city *held,* not estopped to claim taxes, upon finding of
court, supported by competent evidence, that only $750 of
$2,055.66 claim for taxes was paid and balance not deposited
in bankruptcy court as there had been no waiver by city of
excess as represented to Federal court by bankrupt.

Appeal from Wayne; Ferguson (Homer), J. Sub-
mitted January 8, 1937. (Docket No. 60, Calendar
No. 39,096.) Decided March 2, 1937.

Bill by Isadore Leibovitz against City of Detroit,
a municipal corporation, and another to have certain
taxes decreed paid and discharged. Bill dismissed.
Plaintiff appeals. Affirmed.

*Samuel H. Rubin (Melba Rubin,* of counsel), for
plaintiff.

*Walter Barlow* (*Raymond J. Kelly,* of counsel), for defendants.

CHANDLER, J. This cause was heard in the circuit court for the county of Wayne, in chancery, upon the bill of complaint, the answer of defendants thereto and upon proof taken in open court by the Honorable Homer Ferguson, circuit judge. At the conclusion of the hearing a decree was entered dismissing plaintiff's bill of complaint.

The findings of fact by the chancellor and the conclusions of law are fully set forth in the decree.

Inasmuch as such findings and conclusions are amply supported by the record, we adopt the same as the findings of fact and conclusions of law of this court, the same being as follows:

"The plaintiff alleges in his bill of complaint that an involuntary petition in bankruptcy was filed against the plaintiff and two other parties individually and as partners doing business as L. and L. Five Cents-to-a-Dollar Store; that upon the 2d day of September, 1931, an offer of composition was offered, accepted and approved, and confirmed in accordance with law, and that there was deposited with the bankruptcy court an amount sufficient to pay general creditors 20 cents, and preferred claims and claims having priority, 100 per cent., including the claim of the city of Detroit for personal taxes for the years 1927, 1928, 1930 and 1931.

"Paragraph 4 of the bill alleges that the city filed its claim for the tax years 1930 and 1931.

"Paragraph 5 alleges that prior to the distribution of the money pursuant to the offer of composition objections were filed by the bankrupt against the claim of the city, which objections were supplemented by a petition filed with the common council to cancel or reduce the said tax claim, and that this

was filed on the 14th day of September, 1931, being heard by three councilmen who recommended that the amount of tax be reduced to $750; but that in the interim, as the plaintiff was informed and believed, the corporation counsel advised the common council that it would be necessary for the board of assessors to reassess the property at the compromised figure, and that this was refused by the assessors.

"The 6th paragraph alleges that it then became the duty of the city to vacate the objections and to obtain full payment of its claim.

"The 7th paragraph alleges that the city treasurer and the city failed and neglected to take any step or proceedings to obtain full payment of its claim from the referee in bankruptcy, although they have obtained $750 from the referee in bankruptcy on or about May 13, 1933.

"Paragraph 8 alleges that in and by the deposit of composition made pursuant to confirmation thereof by the court, the goods and chattels of the bankrupt were discharged of the claim of the city of Detroit for the taxes, and that the taxes then became paid.

"In paragraph 10 the plaintiff claims that because of the closing of the banks in the city of Detroit, the payment of the tax claims of the city has not been made by the referee in bankruptcy, although the full amount thereof had been and now is on deposit with the referee in bankruptcy, and was available to the defendant up to the time of the closing of the banks.

"The plaintiff further alleges that although the tax claim was (not) paid in full, that because of the delay of the city they are estopped from asserting any claim against the plaintiff's chattel, and the prayer is that the tax may be declared to be paid.

"The court finds the following facts:

"The plaintiff, together with two others, were declared to be bankrupt by the bankruptcy court for the eastern district of Michigan, southern division; that prior to July 29, 1931, the city of Detroit filed

its claim with the referee in bankruptcy for certain taxes, as shown by the tax bills attached to the claim, in the amount of $2,055.66; that this claim was allowed in the following language:

" 'Proof of claim filed and allowed as to form July 29, 1931.
                    'GEORGE A. MARSTON and
                    PAUL H. KING,
                                    Referees.'

"The dividend sheet also showed that the claim was allowed in full in the amount of $2,055.66; that there was deposited to pay all of the preferred creditors and general creditors the sum of $11,849.94, which was not sufficient to pay all of the creditors together with the city of Detroit; that the city of Detroit has received the sum of $750 by check upon which there was indorsed the certain language. This indorsement was placed upon the same prior to its issuing, by the clerk in bankruptcy court. The indorsement is as follows:

" 'This check to be applied as part payment of city treasurer's claim No. 98, as filed in the bankruptcy court July 27, 1931.'

"The bankrupt who is now plaintiff, represented that the amount of the city's claim in excess of $750 had been waived. This was not the fact. The fact is that it was the bankrupt who made the representation to the court that there had been a waiver, when, as a matter of fact, the common council did not waive the amount of claim and never consented to the allowance of the claim in any amount other than the full amount of the claim.

"The court finds that the full amount to pay the city was not deposited in the bankruptcy court and that the balance on deposit with the referees in bankruptcy, not paid to the creditors, was assigned to the bankrupt, and that they have received the same from the closed banks.

"The plaintiff, on page 3 of his brief, claims the following questions of law are raised:

"1. Did the Federal court have the right to adjudicate the city's tax claim?

"2. Are the Federal court's orders a final adjudication of the tax claim of the city in the case at bar?

"3. Is the city estopped from asserting its tax claim because of its action in the Federal court proceedings?

"The court has found that the city's claim was allowed in full by the referees in bankruptcy. Even though there were objections filed to the claim, the objections were not pressed, and were never heard, and therefore the adjudication is that the claim was allowed in full, $2,055.66.

"Should the second question propounded by the plaintiff be answered in the affirmative, the answer would be against the plaintiff's contention, because the order of adjudication by the referees in bankruptcy was that the claim was allowed in full in the amount of $2,055.66. A reference to the final order by the Federal court does not help the plaintiff in this case, because it does not adjudicate any of the preferred claims.

"The third point raised by the plaintiff is that the city is estopped from claiming the amount of its claim. It will be noted that in the bill of complaint it was the contention of the plaintiff that the money was allowed to remain in the referees in bankruptcy's hands until the banks in the city of Detroit closed, and that by virtue of the long delay of the city in claiming its money, that the money in effect, now being in the closed banks, belongs to the city, and they were estopped to collect from the plaintiff. If this were the fact, there would be some merit to the plaintiff's claim. But the court finds that instead of this being the fact, the fact is that the amount was never deposited by the bankrupt to pay the city's claim; that the bankrupt misrepresented the facts to the Federal court; that they had ob-

tained a waiver in the amount in excess of $750, and only deposited the amount of $750, and that instead of the money in the closed banks belonging to the city of Detroit, it was obtained by the bankrupts themselves. The referees in bankruptcy are not in a position to pay the claim of the city; they never had the money to pay the city's claim.

"There is nothing in the facts that would bring a court of equity to the conclusion that the city had been estopped to present its claim, and there is nothing now in the facts that would permit this court of equity to decree that the taxes of the plaintiff, or those of the partnership on the L. & L. Five-cents-to-a-dollar Store were paid in full.

"For these reasons, a decree may be entered dismissing the bill of complaint."

Decree affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.